UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------

THE MEDICAL SOCIETY OF THE
STATE OF NEW YORK, *et al.*, and on
behalf of all others similarly situated,
         Plaintiffs,

   -v-

UNITEDHEALTH GROUP INC., *et al.*,
         Defendants.

16-CV-5265 (JPO)

OPINION AND ORDER

---------------------------------------------------------------

J. PAUL OETKEN, District Judge:

  Plaintiffs bring this putative class action under the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §§ 1001 *et seq.*, alleging that Defendants (collectively, "United") have systematically violated the terms of Plaintiffs' health insurance plans. Pursuant to Federal Rules of Civil Procedure 12(f), 23(c)(1), and 23(d)(1), United moves to strike the class allegations from the Corrected First Amended Complaint (the "Complaint"). For the reasons that follow, United's motion is denied.

**I. Background**

  The Court presumes familiarity with Plaintiffs' allegations, *see Med. Soc'y of New York v. UnitedHealth Grp. Inc.*, No. 16 Civ. 5265, 2017 WL 4023350 (S.D.N.Y. Sept. 11, 2017), and recounts only the background information necessary to decide the current motion.

  United serves as a claims administrator on all its health plans, meaning that United determines whether a given patient's claim is covered by that patient's health plan. (Dkt. No. 73 ("Compl.") ¶ 5.) Historically, United approved coverage for a category of charges known as "facility fees" for outpatient surgeries conducted in doctors' offices (also known as "office-based surgeries" or "OBS"). (Compl. ¶¶ 6–9.) Plaintiffs allege, however, that United recently adopted a uniform policy of refusing to cover facility fees charged by out-of-network OBS providers.

1

(Compl. ¶¶ 10–11, 38–39.) The Complaint alleges that following this "Uniform Refusal to Pay" policy, United denied coverage to Plaintiffs without regard to the terms of—and in violation of—their plans. (Compl. ¶¶ 97–98.)

The Complaint asserts two claims: a claim for benefits under ERISA § 502(a)(1)(B), and a claim for injunctive and declaratory relief under § 502(a)(1)(B) or (a)(3). (Compl. ¶¶ 115–22.) The named plaintiffs purport to bring their claims on behalf of themselves and a class defined as:

> All persons who sought a health insurance benefit payment for an accredited OBS "facility fee" from a United health insurance plan governed by ERISA, for covered services rendered in the State of New York in an [out-of-network] OBS practice, and whose claim for payment was denied by United because it was not for a hospital or ambulatory surgical center, or for like or similar reasons.

(Compl. ¶ 106.) Defendants have moved to strike those class allegations, arguing that class certification is impossible. (Dkt. No. 76 at 1.)

## II.     Legal Standard

Federal Rule of Civil Procedure 23(c)(1) states that "[a]t an early practicable time after a person sues or is sued as a class representative, the court must determine by order whether to certify the action as a class action." Fed. R. Civ. P. 23(c)(1). In addition to meeting the numerosity, commonality, typicality, and adequacy requirements of Rule 23(a), a class must meet one of the following conditions of Rule 23(b) to receive certification: (1) prosecution of individual actions by each class member creates a risk of inconsistent adjudications or prejudice to absent plaintiffs; (2) the challenged conduct was taken on "grounds that apply generally to the class" and could be remedied by injunctive or declaratory relief, or (3) common questions of law or fact "predominate over any questions affecting only individual members," and a class action is "superior to other available methods" of adjudication. Fed. R. Civ. P. 23(b).

Rule 12(f) states that a "court may strike from a pleading . . . any redundant, immaterial, impertinent, or scandalous matter," and Rule 23(d)(1) empowers courts to "require that . . . pleadings be amended to eliminate allegations about representation of absent persons." Fed. R. Civ. P 12(f), 23(d)(1). However, motions to strike class allegations are generally "viewed with disfavor and infrequently granted," *In re Merrill Lynch & Co., Inc. Research Reports Sec. Litig.*, 218 F.R.D. 76, 78 (S.D.N.Y. 2003), because they "require[] a reviewing court to preemptively terminate the class aspects of litigation, solely on the basis of what is alleged in the complaint, and before plaintiffs are permitted to complete the discovery to which they would otherwise be entitled on questions relevant to class certification," *Blagman v. Apple Inc.*, No. 12 Civ. 5453, 2013 WL 2181709, at *2 (S.D.N.Y. May 20, 2013) (alterations omitted) (quoting *Calibuso v. Bank of Am. Corp.*, 893 F. Supp. 2d 374, 383 (E.D.N.Y. 2012)).

As a result, "[d]istrict courts frequently have deferred the Rule 23 determination until the class certification stage, after the development of a 'more complete factual record.'" *Emilio v. Sprint Spectrum L.P.*, 68 F. Supp. 3d 509, 515 (S.D.N.Y. 2014) (quoting *Mazzola v. Roomster Corp.*, 849 F. Supp. 2d 395, 410 (S.D.N.Y. 2012)). An exception to this general rule exists when the motion to strike "addresses issues 'separate and apart from the issues that will be decided on a class certification motion.'" *Chen-Oster v. Goldman, Sachs & Co.*, 877 F. Supp. 2d 113, 117 (S.D.N.Y. 2012) (quoting *Rahman v. Smith & Wollensky Rest. Grp., Inc.*, No. 06 Civ. 6198, 2008 WL 161230, at *3 (S.D.N.Y. Jan. 16, 2008)). But, absent this exceptional circumstance, a motion to strike class allegations is generally "procedurally premature." *Id.*

### III. Discussion

United argues that questions unique to each class member present "inescapable barriers to class certification." (Dkt. No. 76 at 4.) In particular, United raises two issues that may require individualized determinations: (1) whether each class member has standing to sue (either by

holding a validly assigned claim or by being a plan beneficiary herself), and (2) whether each class member's individual plan terms cover out-of-network OBS facility fees. (Dkt. No. 76 at 4–11.)

United's argument is unavailing. First, at this stage of the litigation, it would be premature to strike Plaintiffs' class allegations. Whether questions common to the class predominate over individualized issues is precisely the sort of determination that the Court would make at the class certification stage. Thus, because United does not raise issues "separate and apart" from those relevant to a class certification motion, its motion to strike is "procedurally premature." *Chen-Oster*, 877 F. Supp. 2d at 117.

Second, the pleadings do not demonstrate that a class is uncertifiable. To the contrary, the Complaint alleges that all United plans contain substantively identical language regarding coverage for OBS facility fees (Compl. ¶¶ 34–35), and that United adopted a policy uniformly denying coverage in violation of these terms (Compl. ¶¶ 38–39). This is sufficient to allege that "there are questions of law or fact common to the class," Fed. R. Civ. P. 23(a), and there is at least a possibility that these common questions will "predominate" over individualized questions, *see* Fed. R. Civ. P. 23(b)(3)—especially if discovery reveals that the number of plans is limited, variation in plan terms is minimal, or the plans are susceptible to division into sub-classes. Similarly, discovery will shed light on the number of claims that are potentially subject to assignment and the likely difficulty (or ease) of excluding individuals who lack standing to sue.[1]

The bottom line is that it is too early to guess. The Court need not continue to speculate about class certification; the appropriate time for such determinations will come later.

---

[1] Alternatively, even if Plaintiffs cannot satisfy the predominance requirement of Rule 23(b)(3), they may nevertheless merit certification as an injunctive class under Rule 23(b)(2).

## IV. Conclusion

For the foregoing reasons, United's motion to strike the class allegations from the Complaint is DENIED.

The Clerk of Court is directed to close the motion at Docket Number 75.

SO ORDERED.

Dated: April 6, 2018
       New York, New York

                                              J. PAUL OETKEN
                                     United States District Judge