UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------

THE MEDICAL SOCIETY OF THE
STATE OF NEW YORK, *on behalf of its
members, et al.*,

        Plaintiffs,

  -v-

UNITEDHEALTH GROUP INC., *et al.*,

        Defendants.

---------------------------------------------------------------

16-CV-5265 (JPO)

OPINION AND ORDER

J. PAUL OETKEN, District Judge:

  On September 11, 2019, the Court issued an Opinion and Order granting in part Plaintiffs' motion for class certification pursuant to Federal Rule of Civil Procedure 23. (Dkt. No. 204.) Defendants UnitedHealth Group Inc., United HealthCare Services, Inc., United HealthCare Insurance Company, United HealthCare Service LLC, Optum Group, LLC, Optum, Inc., and Oxford Health Plans LLC (collectively, "United") now move for reconsideration of this Court's Opinion and Order. (Dkt. No. 208.) For the reasons that follow, United's motion for reconsideration is denied.

**I. Background**

  The Court assumes familiarity with the background of this case, as set forth in this Court's prior opinions. *Med. Soc'y of N.Y. v. UnitedHealth Grp. Inc.*, 332 F.R.D. 138, 143–45 (S.D.N.Y. 2019); *Med. Soc'y of N.Y. v. UnitedHealth Grp. Inc.*, No. 16 Civ. 5265, 2019 WL 1409806, at *1 (S.D.N.Y. Mar. 28, 2019); *Med. Soc'y of N.Y. v. UnitedHealth Grp. Inc.*, No. 16 Civ. 5265, 2018 WL 1773142, at *1 (S.D.N.Y. Apr. 12, 2018); *Med. Soc'y of N.Y. v. UnitedHealth Grp. Inc.*, No. 16 Civ. 5265, 2017 WL 4023350, at *1–2 (S.D.N.Y. Sept. 11, 2017).

1

## II. Legal Standard

"A motion for reconsideration is 'an extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources.'" *Drapkin v. Mafco Consol. Grp., Inc.*, 818 F. Supp. 2d 678, 695 (S.D.N.Y. 2011) (citation omitted). "The standard for granting . . . a motion [for reconsideration] is strict." *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995). "[R]econsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Id.*

## III. Discussion

United raises two arguments in its motion for reconsideration. First, it argues that this Court did not address whether a patient who has fully assigned her rights lacks Article III standing, and thus cannot be captured within the class definition. (Dkt. No. 209 at 4–6.) Second, it argues that the Court must engage in an individualized determination of assignment validity, which defeats commonality. (Dkt. No. 209 at 6–8.) Both of these arguments are unavailing.

First, in its Opinion and Order, the Court addressed the issue of whether the assignment of claims implicated Article III standing and concluded that it did not. (*See* Dkt. No. 204 at 9.) In its motion for reconsideration, United argues that while the Court addressed whether the question of whether a *provider* is a valid assignee concerns Article III standing, it overlooked whether a *patient* who has fully assigned her rights to a provider lacks Article III standing. (*See* Dkt. No. 209 at 4–6.) United argues that this is important, because the Court's class definition includes patients who assigned away their rights. (*See* Dkt. No. 209 at 4.) If that is the case, then the class cannot be certified, because, as this Court acknowledged, "a class cannot be certified if any person captured within that definition lacks Article III standing." (Dkt. No. 204

2

at 8 (*quoting Calvo v. City of N.Y.*, No. 14 Civ. 7246, 2017 WL 4231431, at *3 (S.D.N.Y. Sept. 21, 2017)).)

However, United is incorrect that the certified class includes patients that have assigned their claim to a provider. This Court certified a class composed of "any United Plan member, *or* member's valid assignee, whose claims for facility fees for services rendered by an out-of-network OBS provider accredited under Section 230-d was denied." (Dkt. No. 204 at 34 (emphasis added).) This class definition encompasses only patients who have not assigned their claims to a provider, or a provider that has been assigned claims by a patient. Patients that have already assigned their claims to a provider are excluded. Therefore, even if United is correct that a patient who has fully assigned her rights to a provider lacks Article III standing, the class that this Court certified remains valid. Accordingly, United's argument fails.

Second, in its opinion, this Court rejected the notion that the assignment issue was relevant to the commonality inquiry. (*See* Dkt. No. 204 at 13 n.5.) Instead, this Court determined that it was more relevant to the predominance inquiry under Rule 23(b)(3). (*See id.*) A motion for reconsideration should be denied "where the moving party is solely attempting to relitigate an issue that has already been decided." *New York v. Parenteau*, 382 F. App'x 49, 50 (2d Cir. 2010) (citation omitted). While United is correct that the Court has an independent obligation "under Rule 23(c)(1) . . . to reassess [its] class definition as the case develops," *Boucher v. Syracuse Univ.*, 164 F.3d 113, 118 (2d Cir. 1999) (citation omitted), this Court remains confident in its earlier analysis.

As this Court noted, for the purposes of commonality, "a single common question is alone sufficient to satisfy the commonality requirement if the question has the capacity to 'materially advance the litigation.'" (Dkt. No. 204 at 10–11 (quoting *Ruiz v. Citibank, N.A.*, 93

F. Supp. 3d 279, 289 (S.D.N.Y. 2015).) This Court found in its Opinion and Order that the question of whether United had a uniform policy of denying OBS facility fee claims without interpreting plan language constituted such a common question. (Dkt. No. 204 at 11–13.) United argues that the question of whether a claim was validly assigned nonetheless defeats commonality because the assignment issue prevents the purported common question from "materially advanc[ing] the litigation" ― because the Court will need to adjudicate whether there is a valid assignment for every class member. (Dkt. No. 209 at 8.) Further, United argues that the class members have not suffered the "same injury," as required to satisfy commonality. (Dkt. No. 209 at 8 (quoting *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 350 (2011).)

In *Wal-Mart,* the Supreme Court made clear that "same injury" simply means that the "claims must depend upon a common contention . . . of such nature that it is capable of classwide resolution — which means that determination of its truth or falsity will resolve an issue that is central to the validity of each one of the claims in one stroke." *Wal-Mart*, 564 U.S. at 350. Here, if United had a uniform policy of denying OBS facility fee claims without consulting individual plan language, Plaintiffs would indeed have such a "common contention." Because this issue is also one of the critical merits questions in the case, under *Wal-Mart*'s definition the assignment issue cannot defeat commonality. Accordingly, this Court is not persuaded that reconsideration of its Opinion and Order is warranted.

**IV.     Conclusion**

For the foregoing reasons, Defendants' motion for reconsideration is DENIED.

The Clerk of Court is directed to close the motion at Docket Number 208.

SO ORDERED.

Dated: December 18, 2019
       New York, New York

_____
J. PAUL OETKEN
United States District Judge