UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

———————————————————————
THE MEDICAL SOCIETY OF THE
STATE OF NEW YORK, *et al.*, and on
behalf of all others similarly situated,
                           Plaintiffs,

            -v-

UNITEDHEALTH GROUP INC., *et al.*,
                           Defendants.
———————————————————————

16-CV-5265 (JPO)

ORDER

J. PAUL OETKEN, District Judge:

      On September 16, 2020, Plaintiffs filed a letter motion requesting a pre-motion discovery conference to compel production of documents they claim were improperly redacted and/or withheld by Defendants.  (Dkt. No. 231.)  Plaintiffs simultaneously filed a second letter motion to seal three exhibits in support of the letter motion for a conference.  (Dkt. No. 232.)

      Plaintiffs contend that Defendants must produce such documents as subject to the fiduciary exception to attorney-client privilege.  (Dkt. No. 231.)  United opposes the motion, arguing that it has properly disclosed materials falling under the fiduciary exception throughout discovery and that this motion comes too late.  (Dkt. No. 233.)  United claims it "has endeavored to draw a line in its productions between communications that (i) involve pre-decisional legal advice given for the purpose of making benefits determinations or otherwise helping United fulfill its fiduciary obligations, which are subject to the exception, and (ii) privileged communications that provide legal analysis and recommendations about past benefits determinations or contemplated litigation or other adversary proceedings, or which relate to non-fiduciary functions, which are not subject to the exception."  (*Id*. at 3.)  *See Asuncion v. Metropolitan Life Ins. Co.*, 493 F. Supp. 2d 716, 620 (S.D.N.Y. 2007) ("To determine whether

1

[evidence falls under the fiduciary exception,] courts engage in a fact-specific inquiry . . . . Frequently, the key question is whether the communication was made before or after the final decision to deny benefits." (internal quotation marks and citations omitted)).

United's characterization of the standard comports with governing case law, and the Court agrees with United's explanation as to how each of the documents sought by Plaintiffs falls outside the fiduciary exception.

Accordingly, Plaintiffs' motion to compel is DENIED and their motion for a conference is DENIED as moot.

Additionally, Plaintiffs' motion to seal is GRANTED with respect to Exhibit B and DENIED with respect to Exhibits A and C, which shall be filed publicly.

The Clerk of Court is directed to close the motions at Docket Numbers 231 and 232.

SO ORDERED.

Dated: October 7, 2020
New York, New York

_____
J. PAUL OETKEN
United States District Judge