UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

―――――――――――――――――――――――――――――――――

THE MEDICAL SOCIETY OF THE
STATE OF NEW YORK, *et al.*, and on
behalf of all others similarly situated,
                          Plaintiffs,

                -v-

UNITEDHEALTH GROUP INC., *et al.*,
                          Defendants.

―――――――――――――――――――――――――――――――――

16-CV-5265 (JPO)

ORDER

J. PAUL OETKEN, District Judge:

On September 16, 2020, Plaintiffs filed a letter motion requesting a pre-motion discovery conference to compel production of documents they claim were improperly redacted and/or withheld by Defendants. (Dkt. No. 231.) On October 7, 2020, this Court denied the motion to compel (Dkt. No. 235), and on October 20, 2020, Plaintiffs filed a letter motion seeking reconsideration of the Court's ruling (Dkt. No. 237). On November 18, 2020, Defendants filed a letter motion to compel production of documents they claim were improperly redacted and/or withheld by Plaintiffs. (Dkt. No. 244.)

With regard to Plaintiffs' motion for reconsideration, this Court is persuaded that it neglected to adequately consider Plaintiffs' alternative argument in its September letter motion. Plaintiffs allege that by putting principal defense witness Louise Dobbe's actions at issue — specifically, her review of plan documents "on a regular basis" as "part of [her] job" that assisted in the formation of a company policy at issue in the case (Dkt. No. 237-1 at 94, 121–22) — Defendants waived the privilege covering the underlying documents. While it may be true that those documents may fall outside the fiduciary exception, Defendants may still have waived any privilege by placing them at issue here.

In so deciding, "a court should determine whether, given the particular circumstances of a case, it would be unfair for a party asserting contentions [] to then rely on its privileges to deprive its adversary of access to material that might disprove or undermine the party's contentions." *Newmarkets Partners, LLC v. Sal. Oppenheim Jr. & Cie. S.C.A.*, 258 F.R.D. 95, 106 (S.D.N.Y. 2009) (internal quotation marks and citations omitted); *see also In re Grand Jury Proceedings*, 219 F.3d 175, 182 (2d Cir. 2000) ("[I]mplied waiver may be found where the privilege holder asserts a claim that in fairness requires examination of protected communications." (internal quotation marks omitted)). Here, Defendants place Dobbe's role in developing a company policy at issue; it is only fair that Plaintiffs should have the opportunity to examine the documents and communications that formed the basis of Dobbe's decision.

With regard to Defendants' motion to compel, this Court finds that the New York Office Based Surgery Providers ("NYOBS") and its members satisfy the common interest doctrine with respect to the communications and legal advice on the private NYOBS website. NYOBS members share advocacy and litigation interests — as Plaintiffs put it, "securing coverage by commercial payors for OBS facility fees and challenging claims administrators' denials of such claims" — sufficient to satisfy the privilege. *See, e.g., A & R Body Specialty & Collision Works, Inc. v. Progressive Cas. Ins. Co.*, 2013 WL 6044333, at *11 (D. Conn. Nov. 14, 2013) (finding common interest applied to a trade association's legal advice to its members because their common interests include coordinating "legal efforts with respect to proposed legislation, regulation, and potential litigation"). As part of a trade association involved in a joint, coordinated business strategy, NYOBS's communications with its members were privileged.

Defendants' argument that the materials at issue are unprivileged and that Plaintiffs waived the privilege by using a web designer to create a website to convey the communications at issue are similarly unavailing.

Accordingly, Plaintiffs' motion for reconsideration is GRANTED, and upon reconsideration, Plaintiffs' motion to compel production (Dkt. No. 231) is granted.  Defendants' motion to compel is DENIED.

The Clerk of Court is directed to close the motions at Docket Numbers 237 and 244.

SO ORDERED.

Dated: December 16, 2020
       New York, New York

_____
                             J. PAUL OETKEN
                             United States District Judge