MANDATE

22-2702-cv
*The Medical Society et al. v. UnitedHealth et al.*

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: Feb 13 2024

16-cv-5265(JPO)

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 17th day of January, two thousand twenty-four.

**PRESENT:**

      GUIDO CALABRESI,
      ALISON J. NATHAN,
           *Circuit Judges,*
      PAUL A. ENGELMAYER,
           *District Judge.*[*]

_____

**The Medical Society of the State of New York, on behalf of its members, Society of New York Office Based Surgery Facilities, on behalf of its members, Columbia East Side Surgery, P.C., both directly and as the representatives of Patients C, D, E, and F,**

           *Plaintiffs-Counter-*
           *Defendants-Appellants,*

---

[*] Judge Paul A. Engelmayer, of the United States District Court for the Southern District of New York, sitting by designation.

MANDATE ISSUED ON 02/13/2024

**Albert B. Knapp, M.D., P.C., on its own behalf and in the name of his business, which is identical, both directly and as the representative of Patient G; and on behalf of all others similarly situated, Dr. Darrick Antell, in the name of his business and on its own behalf, Podiatric or of Midtown Manhattan, P.C., on its own behalf and on behalf of its patients, and on behalf of all others similarly situated, Dr. Jeffrey Adler, in the name of his business and on its own behalf,**

*Plaintiffs,*

v.                                                                    No. 22-2702-cv

**UnitedHealth Group Inc., United Healthcare Services, Inc., United Healthcare Insurance Company, United Healthcare Service LLC, Optum Group, LLC, Optum, Inc., Oxford Health Plans LLC,**

*Defendants-Counter-Claimants-Appellees.*

_____

**FOR APPELLANTS:**

NELL Z. PEYSER (D. Brian Hufford, on the briefs), Zuckerman Spaeder LLP, New York, NY; Adam Abelson, Zuckerman Spaeder LLP, Baltimore,

2

|  |  |
|---|---|
|  | MD; John W. Leardi, Buttaci Leardi & Werner LLC, Princeton, NJ. |
| **FOR APPELLEES:** |  |
|  | MEAGHAN VERGOW (Brian D. Boyle, Meredith Garagiola, on the briefs), O'Melveny & Myers LLP, Washington, DC; Anton Metlitsky, O'Melveny & Myers LLP, New York, NY. |

Appeal from a judgment of the United States District Court for the Southern District of New York (Oetken, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Plaintiffs the Medical Society of the State of New York, the Society of New York Office Based Surgery Facilities, and Columbia East Side Surgery, P.C. appeal from a September 14, 2022 judgment of the United States District Court for the Southern District of New York (Oetken, *J.*) dismissing their class action under the Employee Retirement Income Security Act of 1974, 29 U.S.C. §§ 1001 *et seq.* (ERISA).

Defendants (collectively, United) [1] administer ERISA-governed health benefit plans. United employs an automated processing system to adjudicate the thousands of claims it receives every day under these plans. A subset of those claims seek coverage of facility fees for outpatient surgery. Plaintiffs represent a class of participants in United-administered plans who received outpatient surgery at office-based surgery venues (OBSs) in New York State. Class members were denied payment of OBS facility fees on grounds that that their health benefit plans only cover fees for procedures performed at facilities "licensed" in New York, and OBSs are not licensed facilities. Pointing to the 2007 enactment of Section 230-d of New York's Public Health Law, which authorized and regulated surgeries performed at OBSs, Plaintiffs challenge the automated process United employs to adjudicate claims for facility fees as unreasonable under ERISA and seek reprocessing of their claims. Following a five-day bench trial, the district court concluded that United did not violate ERISA when it determined that physicians performing office-based surgeries in the state of New York are not entitled to a "facility fee."

---

[1] Defendants include UnitedHealth Group Inc., United HealthCare Services, Inc., United HealthCare Insurance Company, United HealthCare Service LLC, Optum Group, LLC, Optum, Inc., and Oxford Health Plans LLC.

4

Plaintiffs raise two arguments on appeal: (1) the district court erred by relying on evidence outside the administrative record; and (2) the district court erred by failing to interpret the plain meaning of the plan terms.  For the reasons described below, we disagree.  We assume the parties' familiarity with the underlying facts, procedural history, and issues on appeal, to which we refer only as necessary to explain our decision affirming the judgment of the district court.

## I. Administrative Record Claim

Plaintiffs argue first that the district court improperly considered evidence outside the administrative record.  "The decision whether to consider evidence beyond the administrative record lies in the discretion of the district court and is not disturbed absent an abuse of that discretion."  *Krizek v. Cigna Group Ins.*, 345 F.3d 91, 97 (2d Cir. 2003).  Moreover, "the admission of evidence in a bench trial is rarely ground for reversal, for the trial judge is presumed to be able to exclude improper inferences from his or her own decisional analysis."  *Browe v. CTC Corp.*, 15 F.4th 175, 207 (2d Cir. 2021) (citation omitted).

Even assuming that the district court considered evidence outside the administrative record, we find no abuse of discretion.  Although a court's review of the reasonableness of a benefit denial under ERISA is ordinarily limited to the

5

administrative record that was before the plan administrator when it made its benefit determination, it may exercise its discretion to admit additional evidence for good cause. *Halo v. Yale Health Plan*, 819 F.3d 42, 60 (2d Cir. 2016). So, for instance, in cases raising issues "distinct from the reasonableness of the plan administrators' decision, the district court will not be confined to the administrative record." *Zervos v. Verizon New York, Inc.*, 252 F.3d 163, 174 (2d Cir. 2001). And relevant here, the First Circuit has said that "[w]here the challenge is not to the merits of the decision to deny benefits, but to *the procedure* used to reach the decision, outside evidence may be of relevance." *Orndorf v. Paul Revere Life Ins. Co.*, 404 F.3d 510, 520 (1st Cir. 2005) (emphasis added). We agree.

In this case, Plaintiffs challenge the district court's decision to admit several categories of evidence, including medical coding evidence, industry standards such as Medicare practices, other payors' OBS facility fee policies, and United's correspondence with regulators. When Plaintiffs moved before trial to exclude this evidence, United opposed on grounds that the case is about "United's claims adjudication processes" and "necessarily implicates the basis for United's interpretation of the plans and the process by which United effectuates that interpretation." Supp. App'x at 124. The district court then denied Plaintiffs'

6

motion "substantially for [those] reasons." App'x at 202. The district court further explained that "as the fact [] finder I do want a complete picture of the claims adjudication process and the background of how United developed its reimbursement practices[,]" and that the evidence at issue was "very likely to be relevant to the reasonableness of those practices." *Id.*

Consistent with the district court's reasoning, we conclude that the challenge in this case is to United's claims-adjudication *process* and, therefore, the district court did not abuse its discretion by admitting evidence related to that process. Relevant here, Plaintiffs moved to certify two class claims following discovery: (1) a claim for damages under § 502(a)(1)(B) of ERISA seeking payment of benefits under the plans; and (2) a claim for declaratory and injunctive relief under § 502(a)(1)(B) or 502(a)(3) seeking reprocessing of the class members' benefit claims. The district court denied certification of the benefits payment claim, reasoning that "[g]iven the centrality of plan interpretation to determining liability for the class's benefit claims, . . . these individualized questions would predominate at trial" over "any common questions relevant to the proposed class's

7

benefits claims." Special App'x at 75–76, 76 n.11.[2]  The district court granted certification of claim (2), however, because it did not turn on individualized interpretation of plan terms.  Instead, the district court concluded that "[w]hether United's vetting, onboarding, and C-flagging *processes* actually involve interpretation of plan terms in the ultimate decision to deny OBS facility fee claims, as a factual matter—and whether these processes satisfy ERISA, as a legal matter— present [] common questions."  *Id.* at 55 (emphasis added).

The issue before the district court, then, was the reasonableness of United's automated claims-adjudication process—irrespective of its interpretation of any particular plan terms.  And given that the court was faced with a challenge to the procedure used to reach a decision denying benefits, it could permissibly consider evidence outside the administrative record that explained what United's process is, how it designed that process, and why that process is reasonable.

Even if consideration of this evidence was permissible, Plaintiffs proceed to question the evidence's relevance.  They argue, for instance, that information

---

2 Plaintiffs' damages claim (Count I of the complaint) was thus limited to the individual denial-of-benefits claims assigned to Columbia East Side.  These claims involved thirty-one benefit claims on behalf of twenty-nine patients.  United observes that the individual damages claims assigned to Columbia East Side have been abandoned.

8

about other payors' OBS facilities policies or industry guidance "say nothing about *United's* plan language." Appellants' Br. at 35. Applying an abuse of discretion standard here as well, *see United States v. Baez*, 349 F.3d 90, 94 (2d Cir. 2003), we disagree. As the district court put it, the information at issue "provides important background information and context relevant to how the plans were created and how United reasonably determined that the plans did not provide for a separate facility fee for procedures performed in physician offices." Special App'x at 104.

## II. Plan Terms Claim

Plaintiffs next challenge the district court's conclusion that United's interpretation of the plan terms—specifically, its determination that Section 230-d OBSs are not licensed as facilities—was reasonable. But the district court only made that determination with respect to the individual damages claims assigned to Columbia East Side, *see* Special App'x at 106—claims which Plaintiffs do not defend on appeal and which we therefore treat as abandoned. *See* Reply Br. at 21. The argument that United improperly construed the terms of particular plans is only relevant to Plaintiffs' classwide reprocessing claim challenging United's claim-adjudication procedure if the allegedly improper constructions of the terms of particular plans is shown to be so frequent as to cast doubt on the process used.

9

No such showing has been made here.   Indeed, to obtain class certification of that claim, Plaintiffs expressly disclaimed reliance on individual plan interpretation. *See, e.g.*, Supp. App'x at 49 ("Plaintiffs will prove through common evidence that United denied these claims without consulting or relying on the actual written terms of its Plans.").

In any event, even if interpretation of plan terms is relevant to the class claims, Plaintiffs cannot prevail under the controlling arbitrary-and-capricious standard of review.   In an ERISA case, after a "bench trial 'on the papers' with the District Court acting as the finder of fact," also known as a motion for judgment on the administrative record, we review the district court's factual findings for clear error and its legal conclusions *de novo*.   *Muller v. First Unum Life Ins. Co.*, 341 F.3d 119, 124–25 (2d Cir. 2003).   When reviewing *de novo* the district court's legal conclusion that United's plan interpretation was reasonable, we apply the same arbitrary-and-capricious standard the district court applied below.   *See Miller v. United Welfare Fund*, 72 F.3d 1066, 1070-71 (2d Cir. 1995).   Under that standard, a denial of benefits may be overturned "if the decision is without reason, unsupported by substantial evidence or erroneous as a matter of law." *Fay v. Oxford Health Plan*, 287 F.3d 96, 104 (2d Cir. 2002) (quotation omitted).

The district court's findings were not without reason. Plaintiffs argue first that OBSs constitute "licensed" facilities under the term's plain meaning because OBSs are accredited under Section 230-d of New York State's Public Health Law, which is a form of licensure. But the district court's conclusion to the contrary that the term "license" in these plans refers specifically to facilities licensed under Article 28 of New York's Public Health Law was not without reason. *See* Special App'x at 98, 106. The district court reasonably considered the fact that this construction of the term "license" is consistent with Medicare reimbursement policies and the practices of all major private payers. *See* Special App'x at 96-97. Plaintiffs argue second that the plain meaning of the plan term "facility" includes OBSs. Here again, we conclude that the district court's contrary interpretation—noting that United's plans distinguish between "offices" on the one hand and "facilities" on the other—was not arbitrary and capricious. Special App'x at 106.

\*   \*   \*

We have considered Plaintiffs' remaining arguments, which we conclude are without merit. Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

A True Copy
Catherine O'Hagan Wolfe, Clerk
United States Court of Appeals, Second Circuit